## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**PAMELA ANN BEARD,**

    **Plaintiff,**

**v.**                                                   **Case No:   6:19-cv-626-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION[1]

Pamela Ann Beard ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. Doc. No. 1. Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits. Doc. No. 18, at 10, 16, 25–26. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 26–27. For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I.   PROCEDURAL HISTORY.**

This case arises from Claimant's application for disability insurance benefits, filed on October 18, 2010, and alleging a disability onset date of April 29, 2005. *See* R. 115–23.[2] The

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 13, 16–17.

[2] It appears that Claimant also filed an application for disability benefits on August 10, 2009, which was denied on September 18, 2009. *See* R. 55–57, 109–14. The record does not reflect that Claimant ever appealed the denial of that application.

claim was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ. R. 62–64, 66–67, 69–71. On February 6, 2012, a hearing was held before the ALJ. R. 27–42. Following the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 14–20. The Appeals Council denied Claimant's request for review. R. 1–7. Claimant appealed that decision to this Court. *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 13-cv-965-Orl-22KRS, Doc. No. 1 (M.D. Fla. June 21, 2013). On June 26, 2014, the Court reversed and remanded the case for further administrative proceedings. R. 743–54. On July 29, 2014, the Appeals Council remanded the matter to the ALJ for further proceedings. R. 755–57.

A second administrative hearing was conducted on June 14, 2016. R. 697–740, 1122–65. On July 28, 2016, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 678–87, 1091–1100. Claimant again sought review in this Court. *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 16-cv-1706-Orl-37KRS, Doc. No. 1 (M.D. Fla. Sept. 28, 2016). On June 12, 2017, pursuant to an unopposed motion to remand, the Court reversed and remanded the matter for further administrative proceedings. *See id.* at Doc. Nos. 21–23; R. 1112–13. On October 30, 2017, the Appeals Council remanded the matter to the ALJ for further proceedings. R. 1114–21.

A third administrative hearing was held on August 23, 2018. R. 1047–87. At the hearing, at which Claimant was represented by an attorney, the ALJ heard testimony from both Claimant and a vocational expert ("VE"). *Id.* Following the hearing, on January 11, 2019, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 1025–36. After the ALJ's decision became the final decision of the Commissioner, Claimant sought review in this Court. Doc. No. 1. This Memorandum of Decision addresses the Commissioner's decision to deny

Claimant disability benefits following the third administrative hearing before the ALJ, and the ALJ's unfavorable decision that followed.

## II.     THE ALJ'S DECISION.[3]

Pursuant to the October 30, 2017 remand from the Appeals Council, the ALJ was directed to:

- Give further consideration to the treating source opinion pursuant to the provisions of 20 CFR 404.1527, and explain the weight given to such opinion evidence.  As appropriate, the Administrative Law Judge may request the treating source provide additional evidence and/or further clarification of the opinion (20 CFR 404.1520b).

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 85-16 and 96-8p).

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14).  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole.  The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

- In compliance with the above, the Administrative Law Judge will take any further action needed to complete the administrative record and issue a new decision.

R. 1118–19, 1025–26.

---

[3] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  Doc. No. 18.  Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).  R. 1025–36.[4]  The ALJ found that Claimant last met the insured status requirements of the Social Security Act on December 31, 2006.  R. 1028. The ALJ concluded that Claimant did not engage in substantial gainful activity from the alleged disability onset date, April 29, 2005, through the date of last insured, December 31, 2006.  *Id.*  The ALJ found that Claimant suffered from the following severe impairments:  migraine headaches; history of back pain status post motor vehicle accident; osteoarthritis; and anxiety.  *Id.*  The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 1028–29.

Based on a review of the record, the ALJ found, through the date of last insured, that Claimant had the residual functional capacity ("RFC") to perform a reduced range of light work as defined in the Social Security Regulations,[5] specifically "the claimant could lift and/or carry ten pounds frequently, and twenty pounds occasionally, sit for six hours, and stand and/or walk for six

---

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.  *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

hours, in an eight-hour workday. The claimant is unable to work in high, exposed places. The claimant can perform simple routine tasks." R. 1029.

The ALJ concluded that Claimant was unable to perform any past relevant work. R. 1034. However, considering Claimant's age, education, work experience, and RFC, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could have performed, including mail sorter (170,000 jobs); cashier II (1,500,000 jobs); or sales attendant (1,000,000 jobs). R. 1034–35. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of last insured. R. 1035.

## III.     STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the

decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.     ANALYSIS.**

In the Joint Memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the VE's testimony does not constitute substantial evidence to support the ALJ's decision at step five of the sequential evaluation process; and (2) the ALJ erred in evaluating Claimant's subjective complaints of pain. Doc. No. 18, at 10, 16. Accordingly, these are the only issues that I address.

   A.     <u>Error at Step Five of the Sequential Evaluation Process</u>.

At step five of the sequential evaluation process, substantial evidence must show that there are jobs that the claimant could perform that exist in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Commissioner bears the burden of demonstrating the existence of other jobs in the national economy that claimant can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). The ALJ must make this finding "not by intuition but by substantial evidence." *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987). However, "[t]he Commissioner 'may rely solely on the VE's testimony' in making this decision." *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 402 (11th Cir. 2012) (quoting *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999)). "If the SSA makes this showing, 'the burden shifts back to the claimant to prove she is unable to perform the jobs suggested by the [SSA].'" *Washington*, 906 F.3d at 1359 (alteration in original) (quoting *Hale*, 831 F.2d at 1011).

Here, Claimant correctly states that the ALJ did not ask any questions of the VE at the most recent administrative hearing. Doc. No. 18, at 11. Instead, the ALJ relied on the testimony of the VE from the administrative hearing held on June 14, 2016, at which the VE testified, in response to

the ALJ's hypothetical question, that there were 170,000 mail sorter positions, 1.5 million cashier II positions, and 1 million sales attendant positions in the national economy. R. 1035; *see* R. 736. During the June 14, 2016 hearing, the following exchange took place:

> [Attorney]: Okay. Now, the jobs you gave of mail sorter, cashier II, and sales attendant, how did you come to the numbers that you found in the national economy?
>
> [VE]: Actually, they're current numbers because they're from the Bureau of Labor Statistics. That's how I have to do it by the Social Security Regulations.
>
> [Attorney]: Okay, so those are the current numbers?
>
> [VE]: Yeah.
>
> [Attorney]: Okay, do you have any data on what those numbers would be back in 2005, 2006?
>
> [VE]: A little -- relatively the same. Not that much less.
>
> [Attorney]: And how do you know that?
>
> [VE]: Because I've been doing this for 20 years.
>
> [Attorney]: I'm just asking.
>
> [VE]: Yeah.
>
> [Attorney]: I'm not
>
> [VE]: Yeah. I'm just saying.
>
> [ALJ]: Yeah.
>
> [Attorney]: I'm just
>
> [VE]: Yeah, I didn't mean it. Did – I'm sorry. I didn't mean to
>
> [ALJ]: No. Yeah. Yeah.
>
> [Attorney]: No, that's
>
> [VE]: -- sound curt.
>
> [ALJ]: It's just that you've been doing it for a long time, so you remember --

> [VE]:  Yeah.
>
> [ALJ]:  -- those numbers?
>
> [VE]:  I can't remember the numbers, but
>
> [ALJ]:   But not exact numbers --
>
> [VE]:  Yeah.
>
> [ALJ]: -- but you're saying they more or less haven't changed a whole lot.
>
> [VE]:  No. Well, that's what I'm trying to say.
>
> [Attorney]:  So, could you give me, you know, a guesstimate of how many would be --
>
> [VE]:   No, I don't want to do that. I don't choose to do that. I don't -- I'm not comfortable with doing that.
>
> [Attorney]:  Okay. Okay. That's all the questions I have.

R. 738–39.

Claimant argues that the VE's testimony does not constitute substantial evidence to support the ALJ's decision.  Doc. No. 18, at 13.  The Commissioner counters that the VE's testimony that the job numbers "haven't changed a whole lot," was sufficient for the ALJ to rely on such testimony to conclude that a significant number of jobs exist in the national economy.  *Id.* at 14.  The Commissioner also argues that the VE's testimony can constitute substantial evidence supporting the ALJ's decision even absent specific data supporting the jobs identified.  *Id.* at 15.

On review, I agree with Claimant that the VE's testimony does not constitute substantial evidence to support the ALJ's decision regarding the number of jobs available in the national economy.  I find Claimant's reliance on *Hensley v. Colvin*, 89 F. Supp. 3d 1323 (M.D. Fla. 2015), persuasive on this point.  In *Hensley*, the ALJ relied on the testimony of a VE in determining that the claimant was able to perform jobs existing in significant numbers in the national economy, for

jobs available between 1990 and 1994. *Id.* at 1330. The VE based the number of jobs on a "guesstimate," the VE did not "have exact numbers," and did not based that testimony on any studies of jobs during the applicable years. *Id.* at 1330–31. The court found that although the ALJ is generally entitled to rely on the testimony of the VE, it was not entirely clear that the VE's testimony constituted substantial evidence. *Id.* at 1331. "Indeed, the expert himself voiced reservations regarding his ability to accurately assess the number of jobs available . . . during the relevant period." *Id.* Thus, the court declined to find that the VE's "guesstimate" constituted substantial evidence. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture.")).

The same holds true in this case. Here, the VE could not "remember the numbers," did not know "the exact numbers," and would not even provide a "guesstimate" of the numbers of jobs available in the national economy. Yet, in the decision, the ALJ cited to the numbers provided by the VE to find the following jobs available in the national economy: Mail Sorter - 170,000; Cashier II - 1,500,000; and Sales Attendant - 1,000,000. R. 1035. Even the VE testified that these figures were based on "current numbers[6] . . . from the Bureau of Labor Statistics," and did not relate to the period at issue: April 29, 2005, through December 31, 2006. I decline to find, therefore, that the ALJ's determination at step 5 of the sequential evaluation process is based on substantial evidence, *see Hensley*, 89 F. Supp. 3d at 1331, and "not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227.

Accordingly, Claimant's first assignment of error is well taken.

---

[6] This administrative hearing occurred on June 14, 2016. R. 736.

B.     Claimant's Subject Complaints of Pain.

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson*, 284 F.3d at 1225. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. *Id.* § 404.1529(c)(3)(i)–(vii).

Claimant testified regarding her subjective complaints of pain at all three administrative hearings. *See* R. 27–42, 697–740, 1047–87. In the decision, the ALJ first outlined Claimant's testimony from the hearings, and then stated as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence a limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 1030–31. The ALJ then noted that the medical evidence must support that Claimant was disabled between April 29, 2005 and December 31, 2006. R. 1031. The ALJ found that the "totality of the evidence . . . failed to establish that the claimant's severe impairments prevented her from engaging in substantial gainful activity." *Id.* The ALJ found that there was little evidence available for the years 2005, 2006, and 2007. *Id.* The ALJ then reviewed the medical records from that time period, as well as the testimony of a medical expert, Murray Gillman, M.D., from a prior hearing; the records of treating physician Jay Kundumadthil, M.D., the opinions of the state agency psychological consultants, the opinions of the state agency medical consultant, and a third party function report provided by Claimant's husband. R. 1031–32.

On review of the decision, I find that the ALJ's consideration of Claimant's credibility and subjective complaints of pain was insufficient. As an initial matter, the ALJ's statement that Claimant's statements were not "entirely consistent with the medical evidence and other evidence in the record" was "boilerplate language commonly found in Social Security decisions." *Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-Orl-GJK, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016). Moreover, the ALJ found that Claimant's statements regarding her functional limitations were not entirely consistent with the record "for the reasons explained in this decision," R. 1030–31. "In the absence of a cogent discussion of the credibility determination," an ALJ's conclusory statement "is

too general to permit meaningful judicial review." *McKinney v. Astrue*, No. 8:08-cv-2318-T-TGW, 2010 WL 149826, at *3 (M.D. Fla. Jan. 15, 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 840 n.2 (11th Cir. 1992); *Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985)); *see also Bailey v. Comm'r of Soc. Sec.*, No. 6:16-cv-1429-Orl-41GJK, 2017 WL 3638457, at *3 (M.D. Fla. July 10, 2017), *report and recommendation adopted*, 2017 WL 3621992 (M.D. Fla. Aug. 23, 2017) (citations omitted) ("[T]he ALJ stated that Claimant's statements were not entirely credible 'for the reasons explained in this decision[,]' but did not point out how Claimant's statements were inconsistent with the evidence before her.  Thus, the undersigned is unable to conduct a meaningful review of the ALJ's decision, and it must be reversed.").

To the extent that the ALJ included a discussion of the medical records and Claimant's testimony in the decision, it is unclear what specific evidence the ALJ relied upon to find Claimant's statements not entirely credible; instead the ALJ appears to point generally to the record in support of her credibility determination.  *See Pate*, 2016 WL 455443, at *4; *McCauley v. Comm'r of Soc. Sec.*, No. 2:16-cv-584-FtM-MRM, 2017 WL 4297239, at *9 (M.D. Fla. Sept. 28, 2017) (citations omitted) ("While a summarization of the evidence likely provides facts in support of reasons to discount Plaintiff's credibility, the ALJ did not articulate his reasons. . . . Thus, the Court cannot find that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's credibility."). "The lack of any specificity runs contrary to the standards set forth by the Commissioner and the Eleventh Circuit, which standards require the ALJ to articulate specific reasons in support of his or her credibility determination."  *Cline v. Comm'r of Soc. Sec.*, No. 6:17-cv-1373-Orl-22DCI, 2018 WL 1800861, at *3 (M.D. Fla. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 1791533 (M.D. Fla. Apr. 16, 2018).

Accordingly, because there is not a sufficient basis for the Court to conduct a meaningful review of the ALJ's determination regarding the credibility of Claimant's subjective complaints of pain, I find that the decision must be reversed. *See Bailey*, 2017 WL 3638457, at *3; *see also Lawson v. Astrue*, No. 8:07-cv-243-T-TGW, 2008 WL 681097, at *3 (M.D. Fla. Mar. 7, 2008) ("There is no explanation why the plaintiff's statements are not entirely credible. The failure to provide such an explanation warrants reversal.").

C.   Remedy.

Claimant argues that because her case is on appeal for the third time, and she "still has not received a fair administrative hearing or decision based on the correct legal standards," she has suffered an injustice and reversal for an award of benefits is warranted. Doc. No. 18, at 25–26. Alternatively, Claimant asks that the Court impose a "reasonable time limit" for the Commissioner to conduct further administrative proceedings. *Id.* at 26.

The Commissioner maintains that the decision was supported by substantial evidence and should be affirmed. *Id.* The Commissioner further argues that "generally remand and not reversal is appropriate when the Court finds substantial evidence does not support the ALJ's decision." *Id.* at 27.

The Court may remand a social security disability case for an award of benefits where the claimant has suffered an injustice. *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).[7] While there is no clear definition of when an injustice occurs, courts in this District have remanded cases for an award of benefits for various reasons: "repeated remands, a failure to follow remand instructions, the Commissioner's inability to carry its burden of proof, the existence of extraordinary

---

[7] A case may also be remanded for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Claimant has not raised that argument here, so the Court will not consider it.

delay, or a combination of these factors." *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 2210689, at *2 (M.D. Fla. Feb. 20, 2019) (citing *Goodrich v. Comm'r of Soc. Sec.*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *13 (M.D. Fla. Feb. 7, 2012); *Moran v. Comm'r of Soc. Sec.*, No. 6:15-cv-1065-Orl-37TBS, Doc. No. 22 (M.D. Fla. Feb. 22, 2016)).

There is no dispute that this matter has been pending for a long time (through no fault of Claimant's) and that Claimant has endured two remands from this Court. While these facts certainly give the Court pause, the Court is not persuaded that these facts, in and of themselves, establish that an injustice has occurred. *See Talley v. Colvin*, Case No. 3:15-cv-423-J-34MCR, 2016 WL 4267803, at *1, 5 (M.D. Fla. July 13, 2016) (remanding case but declining to award benefits even though the case was more than eleven years old and was remanded twice by the Appeals Council), *report and recommendation adopted*, 2016 WL 4247739 (M.D. Fla. Aug. 11, 2016); *Jusick v. Comm'r of Soc. Sec.*, Case No. 6:10-cv-126-Orl-GJK, 2011 WL 1059106, at *12 (M.D. Fla. Mar. 21, 2011) (remanding case but declining to award benefits even though the case had been pending for more than ten years and was remanded once by the Court and once by the Appeals Council). Moreover, the Court notes that this is not a situation where the ALJ continues to make the same errors in contravention of the Appeals Council or Court's orders. *Cf. Kelly v. Acting Comm'r of Soc. Sec. Admin.*, Case No. 6:16-cv-1149-Orl-40MCR, 2017 WL 9362907, at *3-4 (M.D. Fla. May 4, 2017) (finding an injustice and recommending a remand for benefits where the case was pending for almost nine years, had been remanded by the court twice, and the ALJ disregarded the Court's and Appeals Council's remand orders). Therefore, I do not find that the record establishes that Claimant has suffered an injustice at this point in time and, as a result, will remand the case for further proceedings consistent with this Order. That said, the facts of this case are coming dangerously close to resulting in an injustice.

Finally, as to Claimant's request that the Court impose a reasonable time limit for the Commissioner to conduct an administrative hearing, the Court finds the request well taken. *See Millicent Bond v. Comm'r of Soc. Sec.*, No. 6:13-cv-175-Orl-36DAB, 2014 WL 12618197, at *3 (M.D. Fla. Jan. 27, 2014) (distinguishing *Nowells v. Heckler*, 749 F.2d 1570 (11th Cir. 1985) and finding it permissible for the court to order the ALJ to conduct a hearing on remand within 120 days); *Wheelock v. Comm'r of Soc. Sec.*, No. 6:16-cv-860-Orl-37KRS, 2017 WL 3251567, at *1 (M.D. Fla. July 31, 2017) (ordering the ALJ to complete remand proceedings within 120 days of the remand order) .

For these reasons, the Court will reverse and remand this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and require that the ALJ complete the remand proceedings within 120 days of the date of this Order. *See Bond*, 2014 WL 12618197, at *3; *Wheelock*, 2017 WL 3251567, at *1.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2020.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record